428

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THOMAS MASTIC, DEFENDANT-APPELLANT.

Submitted January 16, 1956—Decided January 23, 1956.

On appeal from a judgment of the Superior Court, Appellate Division, where the following *per curiam* was filed.

"The defendant at a trial by jury in which he was represented by counsel was convicted of murder in the second degree on November 30, 1949. On December 8, 1949, he was sentenced to serve a term of imprisonment of not less than 22 years nor more than 30 years in the New Jersey State Prison.

"On or about July 11, 1955 he filed in the office of the Gloucester County Clerk and dispatched to the County Prosecutor a notice purporting to announce his appeal to this Division of the Superior Court from the judgment of his conviction entered on December 8, 1949. It seems that he had shortly before made an application to the judge of the Gloucester County Court for the issuance of a writ of *habeas corpus* to review the legality of his confinement, which application had been denied by an order dated June 22, 1955, and that it was probably from that order that he intended to appeal. Such we shall recognize to be the purpose of the present appeal.

"The defendant, the unsuccessful petitioner for the writ, propounds to us seven questions from which we infer the

grounds upon which he contended that he should have been liberated from imprisonment.

 "It is immediately observed that the defendant did not appeal from the judgment of his conviction within the time afforded him. Our courts in a procession of decisions have repeatedly stated that asserted trial errors are not reviewable by means of a *habeas corpus* proceeding. A few of the many pertinent citations should be sufficient here. *In re Davis,* 107 *N. J. Eq.* 160 (*Ch.* 1930) ; *In re Caruso,* 135 *N. J. L.* 522 (*Sup. Ct.* 1947) ; *In re Zee,* 13 *N. J. Super.* 312 (*Cty. Ct.* 1951), affirmed *State v. Zee,* 16 *N. J. Super.* 171 (*App. Div.* 1951), *certiorari* denied 343 *U. S.* 931, 72 *S. Ct.* 766, 96 *L. Ed.* 1340 (1952) ; *In re Robilotto,* 24 *N. J. Super.* 209 (*App. Div.* 1953) ; *State v. Jacobson,* 28 *N. J. Super.* 226 (*App. Div.* 1953) ; *State v. Williams,* 29 *N. J. Super.* 309 (*App. Div.* 1954), *certiorari* denied 348 *U. S.* 847, 75 *S. Ct.* 71, 99 *L. Ed.* 668 (1954) ; *State v. La Battaglia,* 30 *N. J. Super.* 1 (*App. Div.* 1954).

 "It patently appears that most of the postulated errors of which the defendant has so belatedly complained implicate features of the trial proceedings which the established rule iterated in the above cited decisions barricades the court from considering in a proceeding of this nature, such as the denial of the motion for an acquittal because of the alleged insufficiency of incriminating proof (*In re Caruso,* 10 *N. J.* 184 (1952) ; *State v. La Battaglia, supra; In re Cardinale,* 36 *N. J. Super.* 137 (*App. Div.* 1955)), the remarks of the prosecutor in his summation, characterized as prejudicial but not here reproduced, the court's insistence that the requisite qualifications of character witnesses be initially shown, and the failure to have the services of 'effective counsel.' *Vide, State v. Leaks,* 124 *N. J. L.* 261 (*E. & A.* 1940) ; *In re Caruso, supra; State v. Mangino,* 17 *N. J. Super.* 587 (*App. Div.* 1952) ; *State v. Jacobson, supra.*

 "The appellant also represents that the words 'against the peace of this State, the government and dignity of the same' were not embodied in the indictment. The stated omission is factually untrue. It is noted, however,

that the indictment composed in the conventional fashion charged the defendant with the commission of the crime of murder but did not contain a specific citation of the applicable statute. Again it must be realized that the validity of the indictment cannot be impugned on *habeas corpus*. *State v. Miller*, 16 *N. J. Super.* 251 (*App. Div.* 1951); *certiorari* denied 342 *U. S.* 934, 72 *S. Ct.* 379, 96 *L. Ed.* 695 (1952); *State v. La Battaglia, supra.* Moreover it is not made apparent that the inadvertent omission of the citation 'misled the defendant to his prejudice.' *Rule* 2:4–11, now *R. R.* 3:4–3(*a*); see, *State v. Hunter*, 8 *N. J. Super.* 231 (*App. Div.* 1950).

"The final injustice to which the appellant refers is the failure of the county clerk to supply to him a copy of the recorded transcription of the proceedings at his trial in response to his request made in March 1955. The explanation is that the official stenographic reporter who served at the trial died and had had no request to transcribe his notes and did not do so during his lifetime. The appellant was so informed promptly.

"The denial of the application for the issuance of a writ of *habeas corpus* is affirmed."

*Mr. Thomas Mastic, in propria persona,* for the appellant.

*Mr. Guy Lee, Jr.,* Gloucester County Prosecutor, for the respondent.

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of the court below.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.